IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ANTHONY BERNARD WILEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:22-cv-065-O |
| | § | |
| MARSHA McCLANE, | § | |
| Director, Texas Civil | § | |
| Commitment Office, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Anthony Bernard Wiley ("Wiley"), a state prisoner confined in the Texas Civil Commitment Center, against Respondent Marsha McClane, director of that center. After considering the pleadings and relief sought by Wiley, the Court concludes that the § 2254 petition must be **DISMISSED** with prejudice.

**I.   BACKGROUND**

**A.   Overview**

In this § 2254 petition, Wiley challenges his 1995 state court convictions for aggravated sexual assault and burglary of a habitation in the 89th District Court, Wichita County, Texas. Pet. 1, ECF No. 1.¹ He asks this Court to vacate these convictions. Pet. 3, 21-22, ECF No. 1. Wiley is in the custody of Respondent, Director of the Texas Civil Commitment Office, pursuant to a

---

¹ Although Wiley also listed a 1995 conviction for Unauthorized Use of a Motor Vehicle as a crime for which he was convicted, that conviction is not implicated by his asserted claims in this § 2254 petition, nor does he include a copy of the judgment for that conviction in his Exhibit A or request for

September 24, 2019 judgment of civil commitment out of the same court in cause number 186,685-C. Wiley challenges that judgment in a separate § 2254 petition. Pet, 13-14, ECF No. 1; *see* Petition at 1; *Wiley v. McClane*, 5:22-cv-00186-H (N.D. Tex. July 18, 2022), ECF No. 1.

    **B.**    **Convictions and Procedural History**

Wiley directly challenges his July 5, 1995 guilty plea convictions from the 89th District Court of Wichita County, Texas, in cause number 32,214-C, for (1) first degree Aggravated Sexual Assault with two enhancements to which Wiley pleaded true and a deadly weapon finding; and (2) first degree Burglary of a Habitation (by attempting to commit and committing Aggravated Sexual Assault) with two enhancements, to which Wiley pleaded true, and an affirmative deadly weapon finding. Pet. 1, 16-23 (Petitioner's Exhibit A), ECF No. 1. Wiley entered a guilty plea pursuant to a 25-year concurrent sentence plea bargain as to each offense. Pet. 1, 21-22, ECF No. 1. On July 5, 1995, Wiley was sentenced to the agreed 25-years' imprisonment on each count, to run concurrently. *Id*. Wiley did not seek a direct appeal from his convictions. *Id*. at 2.

On September 6, 1995, Wiley filed his first state habeas application challenging his convictions in *Ex parte Wiley*, No. 29,834-01. SHCR-01 at 2–3, 9.[2] On November 8, 1995, the Texas Court of Criminal Appeals ("TCCA") denied the application without written order on findings of the trial court without a hearing. SHCR-01 at "Action Taken," ECF No. 20-1.

---

relief with respect to that conviction. Pet. 3,7, 21-22, ECF No. 1.

    [2]"SHCR" 01, 02, and 03 refers to the records of Wiley's state writ applications. *In re Anthony Bernad Wiley*, WR-29,834-01, 02, and 03. The first state writ application was file-stamped in the District Court on September 18, 1995, but dated on September 6, 1995. SHCR-01 at 5, 12, ECF No. 20-1. The mailbox rule applies to the timing of pro se state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013). Thus, for purposes of this analysis, the Court will use the earliest date, September 6, 1995.

Wiley discharged his sentences for the challenged 1995 convictions on April 16, 2019. Response, Exhibit A, ECF No. 19.

On August 23, 2021, Wiley filed his second state habeas application challenging his 1995 convictions in *Ex parte Wiley*, No. WR-29,834-02. SHCR-02 at 4–5, 19, ECF No. 20-1.[3] On November 17, 2021, the TCCA denied the application without written order. SHCR-02 at "Action Taken," ECF No. 20-3.

On August 30, 2022, Wiley, through counsel, filed a motion for leave to file a constitutional writ involving the TCCA's original jurisdiction. SHCR-03 Motion for Leave to File at 1, ECF No. 20-5. On that same day, counsel for Wiley separately filed another state writ application challenging Wiley's detention pursuant to the state court Final Judgment, adjudicating Wiley to be a "sexually violent predator." That determination was based on a jury's finding, and resulted in an Order of Commitment in cause number 186,685-C, in the 89th District Court of Wichita County, Texas on September 24, 2019. *See* SHCR-03, Petition (WR-29,834-03) at 1-38, ECF No. 20-6.[4] That Final Judgment and Order of Commitment had been affirmed on appeal. *In re Commitment of Wiley*, No. 07-20-039-CV, 2021 WL 3540777 (Tex. App.—Amarillo, Aug. 11, 2021), *review denied*, No. 21-1076 (Jan. 28, 2022), *reh'g denied*, (Mar. 4, 2022). Wiley's prayer for relief in this third state writ application asked the state court to set aside not only the 89th District Court's Judgment and Order of Commitment in cause 186,685-C,

---

[3] This second state habeas application was signed on August 23, 2021 and file-stamped in the District Court on September 7, 2021. SHCR-02 at 4, 19, ECF No. 20-2. Again, for this analysis, the Court uses the earlier date of August 23, 2021 as the constructive file date.

[4] Because Wiley was represented by counsel in filing this application, the mailbox rule does not apply. *See Richards*, 710 F.3d at 578–79 (mailbox rule applies to pro se inmates); *see also Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule does not apply to pro se litigants represented by

but also his 1995 plea-bargained aggravated-sexual assault conviction, in cause 32,214-C. SHCR-03, Petition at 36-37, ECF No. 20-6. The TCCA denied Wiley's third application (and motion for leave to file) without written order on October 20, 2022. SHCR-03 at "Action Taken," ECF No. 20-7.

On July 15, 2022,[5] Wiley constructively filed this § 2254 petition challenging his 1995 convictions in cause number 32,214-C for aggravated sexual assault and burglary of a habitation with the intent to commit and committing aggravated sexual assault. Pet. 1, 15, ECF No. 1.[6]

## II. GROUNDS

The Court understands Wiley to challenge his 1995 convictions for aggravated sexual assault and burglary of a habitation by attempting to commit and committing aggravated sexual assault, on the ground that he was subjected to double jeopardy in violation of the Fifth and Fourteenth Amendments, because both convictions relied on a single incident of sexual assault. Pet. 5, ECF No. 1.

## III. ANALYSIS

---

counsel).

[5] The mailbox rule also applies to pro se federal habeas petitions. *Cousin*, 310 F.3d at 847. The petition was signed July 16, 2022, declaring the petition was placed in the prison mailing system on July 15, 2022, and it was file-stamped on July 20, 2022. Pet. 1, 16, ECF No. 1. The earliest date, July 15, 2022, is the constructive file date.

[6] Wiley filed a concurrent § 2254 habeas petition challenging his civil commitment judgment and order in cause number 186,685-C on July 18, 2022 in cause number 5:22-cv-00186-H. Petition at 1–2, *Wiley v. McClane,* No. 5:22-CV-00186-H, ECF No. 1. To the extent, if any, that the § 2254 petition in this case could be construed as asserting a challenge to Wiley's civil commitment based on the ground that his 1995 convictions were unconstitutionally obtained, such challenge is foreclosed by the Supreme Court's decision in *Lackawanna*. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001) (holding generally, a defendant may not challenge an enhanced sentence through a § 2254 petition on the ground that a prior conviction on which the enhancement was based was unconstitutionally obtained where that prior conviction is no longer open to direct or collateral attack in its own right and thus is presumptively conclusive.) *See* discussion *supra*.

### A.     Wiley Is Not "In Custody" pursuant to the Challenged Convictions.

Under the AEDPA, federal courts may provide relief from a state court judgment only where the petitioner is "in custody" under the challenged state conviction or sentence at the time the petition is filed. 28 U.S.C. § 2254(a); *Rubio v. Davis*, 907 F.3d 860, 862–63 (5th Cir. 2018) (citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)). Where a petitioner does not satisfy the "in custody" requirement, the court lacks jurisdiction to consider the petitioner's collateral attack on that conviction. *Rubio*, 907 F.3d at 862–63.

The "in custody" requirement does not require the petitioner to be physically confined pursuant to the challenged judgment. *Maleng*, 490 U.S. at 491 (citing *Jones v. Cunningham*, 371 U.S. 236 (1963) (holding that a prisoner placed on parole was still "in custody" pursuant to his unexpired sentence)); *Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979). The requirement can be satisfied "if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration." *Sinclair*, 599 F.2d at 676; *see also Garlotte v. Fordice*, 515 U.S. 39, 41 (1995) (finding prisoner serving consecutive sentences was "in custody" under all such sentences); *Maleng*, 490 U.S. at 490–91 (finding petitioner "in custody" pursuant to state conviction despite status as a federal prisoner, where petitioner was subject to state detainer to serve the remaining sentence on his 1976 state conviction).

The jurisdictional requirement to be "in custody" is not limited to confinement related to criminal convictions but extends to confinement pursuant to "certain non-criminal judgments, including civil commitment orders." *Rubio*, 907 F.3d at 862–63 (finding petitioner to be "in custody" pursuant to civil commitment order although he would not be detained pursuant to that order until he had fully served the sentence on his criminal conviction) (citing *Duncan v. Walker*,

533 U.S. 167, 176 (2001) (noting a petitioner satisfies the "in custody" requirement where in custody pursuant to orders of civil commitment or contempt)).

However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492; *see also Hendrix v. Lynaugh*, 888 F.2d 336, 337–38 (5th Cir. 1989) (holding adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, insufficient to satisfy the "in custody" requirement of 28 U.S.C. § 2254).

In *Maleng*, the Supreme Court found that, after the petitioner had discharged the sentence imposed for his 1958 conviction, he was no longer "in custody" for the purposes of attacking that conviction, despite having already been subjected to the collateral consequence of it having been used as the basis to enhance the sentence of his later 1976 conviction. *Maleng*, 490 U.S. at 492. More recently, the Supreme Court reaffirmed that where a second conviction is predicated on, or its sentence enhanced by, a prior conviction where the sentence for that prior conviction has fully expired, "it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'" *Alaska v. Wright*, – U.S. –, 141 S. Ct. 1467, 1468 (2021) (quoting *Maleng*, 490 U.S. at 492–93). In *Alaska*, the Supreme Court held that where a "state conviction served as a predicate for [petitioner's] federal conviction" such conviction did not "render him 'in custody pursuant to the judgment of a State court' under § 2254(a)." *Alaska*, 141 S. Ct. at 1468. Thus, a petitioner cannot be "in custody" pursuant to a conviction whose sentence has been discharged, even if it has been used as a predicate to the conviction. *Id*. Serving as the predicate for a second

conviction or civil order, even if there is "a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration," does not render petitioner to be "in custody" on the prior sentence where the prior sentence has been discharged. *See Alaska*, 141 S. Ct. at 1468; *Maleng*, 490 U.S. 492–93; *see also Acosta v. Texas*, No. 16-50883, 2017 WL 4574617, at *1 (5th Cir. June 6, 2017) (denying certificate of appealability, citing to *Maleng*, 490 U.S. at 492, stating "[i]f the petitioner was no longer serving the challenged judgment when he filed his § 2254 petition because he fully discharged the sentence imposed upon that judgment, the "in custody" requirement is not met, even if the challenged sentence was used to enhance a subsequent sentence that is not under attack in the § 2254 petition.").

On April 16, 2019, Wiley discharged the sentences imposed by his 1995 convictions. SHCR-01 at 46–48 (Judgments), ECF No. 20-1. Consequently, Wiley was no longer "in custody" pursuant to such convictions at the time he filed this § 2254 petition to be able to collaterally attack them on federal habeas review. While Wiley states that his civil commitment for which he is in custody is a collateral consequence of the convictions challenged in this petition because they were used as the predicate offenses for his civil commitment, as noted above, Wiley has filed a separate federal habeas petition challenging his civil commitment as a collateral consequence of the 1995 convictions challenged in this cause. Pet. 6, 7, 12, and 15, ECF No. 1; *see Wiley v. McClane*, 5:22-cv-0186-H (N.D. Tex.–Lubbock, filed July 18, 2022). Moreover, Wiley raised a double jeopardy claim in his petition challenging his civil commitment. Petition 3, *Wiley v. McClane*, 5:22-cv-0186-H, ECF No. 1. Consequently, reading the petition in this cause as attacking Wiley's civil commitment as enhanced by his two allegedly unconstitutional expired 1995 convictions would lead to inconsistent rulings.

Additionally, this petition should not be construed as attacking Wiley's civil commitment as enhanced by Wiley's 1995 convictions because, except in limited circumstances not presented in this case, once a prior state conviction used to enhance a subsequent sentence "is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid," and a petitioner cannot collaterally attack the prior conviction through a petition under § 2254.[7] *Coss*, 532 U.S. at 402–04 (citing *Daniels v. United States*, 532 U.S. 374, 374 (2001)). The Supreme Court, in *Coss*, explained:

> The general rule we have adopted here and in *Daniels* reflects the notion that a defendant properly bears the consequences of either forgoing otherwise available review of a conviction or failing to successfully demonstrate constitutional error. It is not always the case, however, that a defendant can be faulted for failing to obtain timely review of a constitutional claim. For example . . . after the time for direct or collateral review has expired, **a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner. 28 U.S.C. § 2244(b)(2)(B) (1994 ed., Supp. V) (allowing a second or successive habeas corpus application if "**the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense").
>
> In such situations, a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction.

---

[7] The Supreme Court recognized an exception to the rule that allows a § 2254 petition to "challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment[.]" *Coss*, 532 U.S. at 404 (emphasis added). But Wiley does not assert such a claim here. *See generally* Pet., ECF No. 1; Brief, ECF No. 2; Reply, ECF No. 23.

*Coss*, 532 U.S. at 405–06 (internal citations omitted) (emphasis added to highlight section of quote omitted by Wiley in his Reply). *See* Reply 6, ECF No. 23. Wiley has not alleged that he is actually innocent regarding the offenses underlying his 1995 convictions or that there is any evidence of such innocence which he could not have uncovered in a timely manner. *See generally* Pet., ECF No. 1; Brief, ECF No. 2; Reply, ECF No. 23.

As explained, in this § 2254 petition Wiley is not attacking his present physical custody under his civil judgment of commitment. This is plainly so because he only asks the Court to vacate his expired convictions, which the Court has no jurisdiction to do. More critically, Wiley *cannot* be attacking his present custody under the civil commitment by indirectly attacking his discharged 1995 convictions in *this* proceeding. Wiley is already making this argument in his petition challenging his civil commitment. *See* Petition 3, *Wiley v. McClane*, 5:22-cv-0188-H, ECF No. 1. To the extent Wiley might argue otherwise, he is effectively attempting to obtain two independent adjudications of his double-jeopardy claim before two judges in the hope of increasing the likelihood of a favorable habeas resolution. This he cannot do.

For all of these reasons, this § 2254 petition must be dismissed for lack of jurisdiction to ensure that the arguments Wiley presses here are properly resolved only *once*, before the court with jurisdiction to do so.

    **B.**    **Alternative Statute of Limitations Bar**

        1.    <u>Overview</u>

Alternatively, even assuming, *arguendo*, that Wiley could be "in custody" pursuant to the challenged state convictions, the § 2254 petition is otherwise subject to dismissal with prejudice

9

as time-barred. *See generally Butler v. Dir., TDCJ-CID*, No. 3:22-cv-1062-B-BN, 2022 WL 4126014, at *3 (N.D. Tex. Aug. 24, 2022), *rep. and rec. adopted*, No. 3:22-CV-1062-B, 2022 WL 4125085 (N.D. Tex. Sept. 9, 2022)(In similar case where petitioner had been "in custody" pursuant to a civil commitment order after being found to be a sexually violent predator, and his challenged convictions had already been discharged, the Court recognized that, to the extent Petitioner could be said to still be "in custody," the petition was alternatively dismissed with prejudice as time-barred).

    2.    <u>Applicable Law</u>

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2). *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998) ("[P]etitioners attacking convictions or sentences which became final prior to the AEDPA's effective date will be accorded the one-year post-AEDPA period, commencing on the Act's effective date" in which to file a timely petition); *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998) (holding that petitioners seeking § 2254 relief "whose claims would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date in which to timely file a § 2254 petition for collateral relief.")

Wiley did not pursue a direct appeal from his July 5, 1995 convictions. Pet. 2, ECF No. 1. Wiley's convictions became final on August 4, 1995, when the time to seek direct appeal of his convictions expired. See Tex. R. App. P. 26.2(a)(1). Consequently, because Wiley's 1995 convictions were final before AEDPA's effective date, the date his limitations period began to run is that effective date, April 24, 1996. Thus, the applicable limitations period expired on April 24, 1997.

As to the other potential limitations start dates, the record does not indicate that any unconstitutional "State action" prevented Wiley from filing for federal habeas corpus relief prior to the end of the limitation period to raise his double jeopardy claim. See 28 U.S.C. § 2244(d)(1)(B). Wiley's double jeopardy claim does not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. See 28 U.S.C. § 2244(d)(1)(C).

Wiley, however, does contend that the use of his 1995 convictions as predicate offenses to obtain his civil commitment is a factual predicate of the double jeopardy claim he raises in the § 2254 petition in this case. Reply 5-6. ECF No. 23. Wiley claims that convicting him of both count two and count three of his indictment in 1995 violated double jeopardy because both counts punished him for a single incident of the same offense. Pet. 5, ECF No. 1; Brief 2-3, ECF No. 2. But all of the factual predicates necessary to challenge his 1995 convictions on that basis were available in the record, and discoverable by the exercise of due diligence, at the time Wiley was convicted on those counts. Sur-Reply (Exhibit A, 1-5), ECF No. 30-1. Because Wiley's 1995 convictions were final before AEDPA's effective date, Wiley's limitations period began to run no later than the April 24,1996 date AEDPA became effective and expired one year later in April 1997.

   3. <u>Statutory Tolling</u>

As noted above, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A state habeas application is "pending" for AEDPA's tolling purposes on the day it is filed through (and including) the day it is resolved. *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009).

Here, Wiley's first state writ application challenging this conviction was filed on September 6, 1995, and denied on November 8, 1995. SHCR-01 at 1 and 14 at "Action Taken," ECF No. 20-1. Because the limitations period had not yet started to run, the pendency of this

first state writ application did not toll AEDPA's limitations period.

Wiley's second state writ application challenging this conviction also fails to toll the AEDPA's limitations period because it was filed at the earliest on August 23, 2021, over twenty-four years *after* Wiley's AEDPA limitations period expired. SHCR-02 at 19, ECF No. 20-2; *see Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state collateral challenge filed after the expiration of the limitation period has no tolling effect). Therefore, when Wiley filed this § 2254 petition on July 15, 2022, he did so over twenty-five years after his AEDPA one-year limitations period had expired. Pet. 15, ECF No. 1.

Wiley's third state habeas application, filed on August 30, 2022, and challenging his Order of Civil Commitment and Judgment, does not toll his AEDPA limitations period for challenging his 1995 convictions. *See generally* SHCR-03, ECF No. 20-06. Because the TCCA denied Wiley's motion for leave to file the petition, Wiley's third state writ application was not a properly filed state habeas application and does not toll. See SHCR-03 at Motion for Leave to File Writ, Action Taken, ECF No. 20-7; *see Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir.) ("[A]n application is '*properly filed*' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"), *cert. den'd*. 143 S.Ct. 127 (2022). Alternatively, even if Wiley's third state habeas application was properly filed and challenged Wiley's 1995 convictions, it would not toll Wiley's AEDPA limitations period for filing the § 2254 petition in this case because it was filed on August 30, 2022, after that period had expired. See SHCR-03. Pet.1-38, ECF No. 20-6.

In sum, even were this Court to find that Wiley was "in custody" pursuant to the

challenged state convictions when he filed his federal petition, Wiley's § 2254 petition alternatively must be dismissed with prejudice as untimely.

## IV.     CONCLUSION and ORDER

It is therefore **ORDERED** that Anthony Bernard Wiley's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** with prejudice on the basis of lack of jurisdiction and, alternatively, as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **28th day** of **November, 2023.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**